UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                           :
UNITED STATES OF AMERICA                   :
                                           :   PRELIMINARY
    - v. -                                 :   ORDER OF FORFEITURE/
                                           :   MONEY JUDGMENT
ELVY JIMENEZ,                              :
                                           :   18 Cr. 814 (SHS)
                                           :
            Defendant.                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      WHEREAS, on or about November 6, 2018, ELVY JIMENEZ, (the "Defendant"), was charged in a seven-count sealed Information, 18 Cr. 814 (SHS) (the "Information"), with conspiracy to defraud the United States with respect to claims, in violation of Title 18, United States Code, Section 286 (Counts One and Two); conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Counts Three and Four); aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A(a)(1), 1028A(b) and 2 (Count Five); and subscribing to a false return, in violation of Title 26, United States Code, Section 7206(1) and Title 18, United States Code, Section 2 (Counts Six and Seven);

      WHEREAS, the Information included a forfeiture allegation as to Counts Three and Four of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), of any property, real or personal, constituting, or derived from, any proceeds traceable to the commission of the offenses charged in Counts Three and Four of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts Three and Four of the Information that the Defendant personally obtained;

WHEREAS, on or about November 6, 2018, the Defendant pled guilty to Counts One through Seven of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts Three and Four of the Information, and agreed to forfeit to the United States, any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts Three and Four of the Information, including but not limited to a sum of money in United States currency, representing the proceeds traceable to the commission of the offenses charged in Counts Three and Four of the Information that the Defendant personally obtained;

WHEREAS, the Government asserts that $12,000 in United States currency represents the proceeds traceable to the offenses charged in Counts Three and Four of the Information that the Defendant personally obtained; and

WHEREAS, the Government seeks a money judgment in the amount of $12,000 in United States currency, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), representing the proceeds traceable to the commission of the offenses charged in Counts Three and Four of the Information that the Defendant personally obtained; and

WHEREAS, the Court finds that as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts Three and Four of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.  As a result of the offenses charged in Counts Three and Four of the Information, to which the Defendant pled guilty, a money judgment in the amount of $12,000 in

United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts Three and Four of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant ELVY JIMENEZ, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Department of Treasury, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. The United States Department of Treasury, or its designee, shall be authorized to deposit the payments on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

_____
HONORABLE SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE

January 11, 2023
DATE